**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RICARDO FELICIO DE MORAES**, *Petitioner*, v. **MARKWAYNE MULLIN, et al.**, *Respondents.* | **Case No. 2:26-cv-04961-JDW** |

## ORDER

**AND NOW**, this 20th day of July, 2026, upon review of Petitioner Ricardo Felicio De Moraes's Emergency Petition For Writ Of Habeas Corpus And Complaint For Injunctive And Declaratory Relief (ECF No. 1) and Respondents' letter regarding their opposition to the Petition (ECF No. 4), and for substantially the same reasons stated in *Kashranov v. J.L. Jamison*, No. 2:25-cv-05555-JDW, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025) and *Olimov v. Jamison*, No. 2:26-cv-00532-JDW, 2026 WL 596155 (E.D. Pa. Mar. 3, 2026), it is **ORDERED** as follows:

1. Mr. De Moraes's Petition For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241 (ECF No. 1) is **GRANTED**;

2. Mr. De Moraes is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

3.      Respondents shall **RELEASE** Mr. De Moraes from custody immediately and **CERTIFY** compliance with my Order by filing on the docket no later than 5:00 p.m. ET on July 21, 2026;

4.      Respondents are temporarily enjoined from re-detaining Mr. De Moraes for seven days following his release from custody; and

5.      If the Government chooses to pursue re-detention of Mr. De Moraes after that seven-day period, then it must first provide him with a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

The Clerk Of Court shall mark this case closed.

**BY THE COURT:**

*/s/ Joshua D. Wolson*

JOSHUA D. WOLSON, J.